UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

    - against -

WILLIE REYES PELDOMO,

               Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
10-CR-0069 (RRM) (ALC)

**MAUSKOPF, United States District Judge.**

Defendant Willie Reyes Peldomo moves to suppress statements that he alleges were coerced and involuntary, and obtained in violation of his *Miranda* rights during an interview conducted by agents of the Diplomatic Security Service ("DSS"), which interview was arranged for and attended by state parole officers at Defendant's next regularly-scheduled parole meeting at the state parole office. *See* Doc. Nos. 14, 15. This Court referred the motion to the assigned magistrate judge to conduct the necessary evidentiary hearing, and for a Report and Recommendation. The magistrate judge held that hearing, *see* Transcript at Doc. No. 20 ("Tr."), and issued his Report and Recommendation, recommending that Defendant's motion be denied in all respects. *See* Doc. No. 21. Defendant filed a timely, albeit perfunctory, objection. *See* Doc. No. 23. For the reasons set forth below, this Court finds Defendant's objections to be without merit, adopts the Report and Recommendation in its entirety, and DENIES Defendant's Motion to Suppress.

When reviewing a magistrate's Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C). The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general

objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. *See, e.g., Frankel v. City of New York*, No. 06-CV-5450, 2009 U.S. Dist. LEXIS 14864, at *4-6 (S.D.N.Y. Feb. 25, 2009); *Pearson-Fraser v. Bell Atl.*, No. 01-CV-2343, 2003 U.S. Dist. LEXIS 89, at *4 (S.D.N.Y. Jan. 6, 2003); *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." *Vega v. Artuz*, No. 97-CV-3775, 2002 U.S. Dist. LEXIS 18270, at *3 (S.D.N.Y. Sept. 30, 2002). Objections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal. *Camardo*, 806 F. Supp. at 381-82. Put another way, a party is not to be afforded a "second bite at the apple" when filing objections to a Report and Recommendation, as the "goal of the federal statute providing for the assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal judiciary.'" *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (citation omitted). When a party simply reiterates the original arguments made to the magistrate judge, the Court will review the report strictly for clear error. *Carroll v. David*, No. 04-CV-0307, 2009 U.S. Dist. LEXIS 19356, at *3 n.1 (N.D.N.Y Mar. 11, 2009); *see also Camardo*, 806 F. Supp. at 382.

Here, Defendant has interposed by letter a one sentence objection:

> I write to, respectfully, object to the REPORT AND RECOMMENDATION denying the Defendant's MOTION TO SUPPRESS ordered by Magistrate Judge Andrew L[.] Carter, Jr. [o]n 10/28/2010, for all of the reasons set forth in papers previously filed in support of said MOTION.

*See* Doc. No. 23 (emphasis in original). Defendant does not object to either the credibility determinations or the findings of fact made by the magistrate judge. Nor does Defendant object specifically to any of the legal conclusions drawn by the magistrate judge. He plainly seeks to

2

have this Court review for a second time the arguments squarely presented to and fully addressed by the magistrate judge.

Whether reviewed *de novo* or simply for clear error, this Court finds no basis to reject or modify the magistrate judge's Report and Recommendation. This Court finds the magistrate judge's credibility and factual determinations to be wholly supported by the record developed at the hearing, and in any event, not contested by Defendant. Moreover, his legal conclusions based on those facts are clearly supported by controlling law.

This Court need not reiterate the full extent of the magistrate judge's clear and thorough articulation of the facts or his basis for recommending denial of Defendant's motion to suppress. Familiarity with the Report and Recommendation, and the facts developed at the hearing, are presumed. Simply put, at no point during the hour to hour-and-a-half interview with agents who were unarmed and not in uniform could a reasonable person in Defendant's circumstances feel that he was in custody comparable to an arrest, given the fact that, *inter alia*, Defendant was repeatedly told he was not under arrest and free to leave, was allowed to leave the room, repeatedly used his cell phone to communicate during the interview, possessed his belongings at all times, and was never searched, frisked or patted down. *See, e.g., Tankleff v. Senkowski*, 135 F.3d 235, 242 (2d Cir. 1998) (explaining that factors to consider in determining custody include "whether a suspect is or is not free to leave, the location and atmosphere of the interrogation, the language and tone used by the police, whether the suspect is searched, frisked or patted down, and the length of the interrogation"); *see also, United States v. Groezinger*, 625 F. Supp. 2d 145, 158-59 (S.D.N.Y. 2009) (finding no grounds to suppress where defendants actions were not curtailed or restrained as with a formal arrest). The mere presence of Defendant's parole officers, who did not participate in questioning Defendant, does not transform an otherwise non-

custodial interview into one requiring administration of the *Miranda* warnings. *See Minnesota v. Murphy*, 465 U.S. 420, 430 (1984). Moreover, even in the face of Defendant's own, repeated requests to be arrested, the agents specifically told Defendant that he was not going to be arrested that day, and was never told he was under arrest. *See* Tr. 14:5-12. The magistrate judge's conclusion that custody attached only at the point when Defendant was told that he would not be allowed to purchase his own ticket and return voluntarily to the Dominican Republic is fully supported by the facts and law. *See United States v. Mitchell*, 966 F.2d 92, 98 (2d. Cir. 1992) (holding that in the absence of an actual arrest, interrogation is not custodial unless the authorities act or speak in a manner that conveys the message that the individual is not free to leave).

In addition, Defendant's statements were in no way coerced or made in violation of his Fifth Amendment right against self-incrimination. In the atmosphere described above, and under the totality of the circumstances, Defendant was fully cooperative during the interview, spoke freely answering the agents' questions, and even volunteered, without prompting or questioning, additional information regarding a narcotics trafficking ring and a passport fraud ring. *See United States v. Awan*, No. 07-CR-4315, 2010 U.S. App. LEXIS 12084, at *8 (2d Cir. June 14, 2010) (citing *Green v. Scully*, 850 F.2d 894, 901-02 (2d. Cir. 1988)) (holding that voluntariness of a confession is measured by the totality of the circumstances, including the characteristics of the accused, the conditions of interrogation, and the conduct of law enforcement). There is no evidence that the agents used physical force or threats, that Defendant did not understand the nature of the interview even though it was being conducted through an interpreter, or that this interview was anything other than a calm, measured question and answer session. And as the

magistrate judge correctly found, all questioning ceased once Defendant asked for an attorney. *See* Tr. 17:2-7.

## CONCLUSION

For the reasons set forth in the Memorandum and Opinion, this Court adopts the magistrate judge's Report and Recommendation [Doc. No. 21] in its entirety. As such, Defendant's Motion to Suppress Statements [Doc. No. 14] is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
December 6 , 2010

s/Roslynn R. Mauskopf

_____
ROSLYNN R. MAUSKOPF
United States District Judge

5